JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08195-JHN-PLAx | Date | November 12, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Norvell Lee Drawn et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO STATE COURT (In Chambers)

Defendant removed this action to federal court on October 29, 2010.[1] (Docket no. 1.) The underlying action was originally filed in state court, and was previously removed to federal court as Case No. 2:10-cv-03185-JHN-PLAx. The Court remanded that action to state court on June 8, 2010.

The new notice of removal is based on the same complaint—filed January 21, 2010, for unlawful detainer—as that underlying the notice of removal of the prior federal action. However, this notice of removal makes reference to 28 U.S.C. § 1443(1) as the basis of removal. That statute allows a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal quotation marks and citations omitted).

Though Defendant asserts that "this is a clear case of racial discrimination" and that he is an "Aboriginal American" (Notice of Removal ¶ 17), these allegations fail to state a basis for removal

---

[1] Defendant is proceeding in propia persona.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08195-JHN-PLAx | Date | November 12, 2010 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Norvell Lee Drawn et al. | | |

under 28 U.S.C. § 1443(1): at a minimum, Defendant points to no state statute or constitutional provision requiring state courts to ignore federal civil rights.

      Moreover, Defendant's second attempt to remove this case is untimely. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or after the defendant receives "an amended pleading, motion, order or other paper" indicating that an action not initially removable has become removable. Here, the state court complaint was filed January 21, 2010. Defendant's notice of removal makes no mention of new paper indicating that this case has become removable. Thus, the 30-day window closed long ago.

      Plaintiff filed a Motion to Remand on November 8, 2010, set for hearing on December 20, 2010. (Docket no. 5.) **As the Court's order moots Plaintiff's motion, the December 20 hearing is VACATED, and the action is hereby REMANDED to the Superior Court of California for the County of Ventura.**

**IT IS SO ORDERED**.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |